UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH HOOKS and
DENISE HOOKS,

     Plaintiffs,

                               CASE NO.:

vs.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

     Defendant.

_____/

**NOTICE OF REMOVAL**

Defendant, Liberty Mutual Fire Insurance Company ("Liberty"), pursuant to 28 U.S.C. § 1441 *et seq.*, removes this action from the Circuit Court of the Ninth Judicial Circuit of Florida, in and for Orange County.

**I.    The State Court Case**

    1.    On September 27, 2022, Plaintiffs filed this lawsuit.

    2.    On October 24, 2022, Plaintiffs served Liberty with the complaint.

    3.    The complaint contains a single count for breach of contract damages related to an insurance claim for property damage.

    4.    Liberty insures Plaintiffs' property located at 1415 Maury Road, Orlando, FL 32804.

    5.    On February 22, 2023, Plaintiffs sent a global demand of $80,000.00 (Eighty Thousand Dollars and zero cents).

6.    This Notice of Removal is timely filed within 30 days of receipt of Plaintiff's settlement demand of $80,000.00, pursuant to 28 U.S.C. §1446(b)(3). (**Exhibit A**.)

7.    28 U.S.C. § 1446(a) requires Liberty to file copies of all process, pleadings, and orders served upon it. Local Rule 1.06 requires Liberty to file a copy of each paper docketed in the state court. These documents are attached hereto as **Exhibit B**.

8.    This case is removed to the United States District Court for the Middle District of Florida, Orlando Division because the State Court action was brought in Orange County, Florida.  28 U.S.C. §§ 1441(a); 1446(a); Local Rule 1.04.

**II.    Jurisdiction**

9.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10.    There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

11.    Plaintiff Joseph Hooks is a citizen of Florida.

12.    Plaintiff Denise Hooks is a citizen of Florida.

13.    Pursuant to 28 U.S.C. § 1332(c)(1), Liberty is a citizen of Wisconsin and Massachusetts by virtue of being a corporation organized under the law of Wisconsin with its principal place of business in Boston, Massachusetts.

14.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

15.    "In determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at a later point." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).    "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  Koppey v. Liberty Mutual Fire Ins. Co., 2020 WL 13389220, at *1 (S.D. Fla. Dec. 31, 2020) (citation and quotation). Where, as in this case, the complaint simply alleges damages exceed Thirty Thousand Dollars ($30,000.00), "the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." Id. (citing DO Rests., Inc. v. Aspen Specialty Ins. Co., 984 F. Supp. 2d 1342, 1344 (S.D. Fla. Nov. 26, 2013)).

16.    Moreover, "'defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal,' including 'affidavits, declarations, or other documentation.'" Id. (quoting Pretka, 608 F.3d at 755) (emphasis added).

17.    Therefore, this Court can consider settlement demand to meet the amount in controversy.  See Deal v. Evangelical Lutheran Good Samaritan Soc'y, 6:14-CV-7-ORL-28KRS, 2014 WL 12618704, at *2 (M.D. Fla. April 25, 2014)

("Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists. Some courts have found demand letters to be 'legally certain evidence' that the amount in controversy meets federal jurisdictional requirements.").

18.     Here, the February 22, 2023 settlement demand of $80,000.00, demonstrates that Liberty has established that the amount in controversy exceeds $75,000.  Accordingly, removal is proper.

**III.     Conclusion**

19.     Liberty removes this case to the United States District Court for the Middle District of Florida, Orlando Division.

20.     Liberty demands trial by jury on all issues so triable.

21.     Promptly after filing this notice of removal Liberty will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State court pursuant to 28 U.S.C. §1446(d).

Dated: March 20, 2023.

4

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Alyssa M. Philippi
_____
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
ALYSSA M. PHILIPPI, ESQ.
Florida Bar No.: 1035493
aphilippi@butler.legal
Secondary:  kbrock@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Mynika Martin, Esq.
David Garcia, Esq.
Jalitza Serrano, Esq.
Your Insurance Attorney, PLLC
250 N Orange Ave., Suite 605
Orlando, FL 32801
mmartin@yourinsuranceattorney.com
yia15@yourinsuranceattorney.com
eservice@yourinsuranceattoreny.com
*Counsel for Plaintiffs*

by email on March 20, 2023.

/s/ Alyssa M. Philippi
_____
ALYSSA M. PHILIPPI, ESQ.